UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:                )        Case No: B-0981122 C-13D
**CHERYL DENISE SMITH-WILLIAMS,** )
                                 )
         Debtor(s)               )
_____)


OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN


NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on July 8, 2009, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On July 8, 2009, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtor proposes a monthly plan payment of $99.00 for a period of at least 36 months. There is no estimated return to general unsecured creditors. The Debtor lists unsecured debt of approximately $17,791.90 in Schedule "F".

5. Because the Debtor's CMI does not exceed the median income figure for a family of the same size in North Carolina, section 1325(a)(3) is not used to determine the amount of the Debtor's reasonable and necessary deductions and the Debtor's disposable income, if any. Instead, the Debtor's disposable income is calculated by reference, in part, to income and expenses listed in Schedules I and J.

6. The applicable commitment period in this case is thirty-six months. 11 U.S.C. §1325(b)(4).

7. The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of her projected disposable income to unsecured creditors as required under 11 U.S.C. §1325(b). The Debtor is taking a deduction of $350 twice in her

1

Schedule J for her Chapter 13 plan payment, when the plan payment is only $99 per month. With the amendment of Schedule J to reflect the appropriate plan payment, the Debtor would have approximately $600 per month for 36 months to devote to payment of unsecured debt.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b) and the case be dismissed for cause pursuant to 11 U.S.C. §1307; or

2. For such other and further relief as the Court may deem just or proper.

This the 5th day of October, 2009.

>s/Benjamin E. Lovell
>Benjamin E. Lovell
>Attorney for the Trustee
>State Bar No: 23266
>P.O. Box 3613
>Durham, N.C. 27702
>Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Cheryl Smith-Williams, 2417-B Camellia Dr., Durham, NC 27705, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 5th day of October, 2009.

>s/Benjamin E. Lovell
>Benjamin E. Lovell, Esq.
>Attorney for the Standing Trustee